**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X    **Case No.**
JOCELYN RIVERA,

                                Plaintiff,                    **COMPLAINT**

        - against -

                                                              **PLAINTIFF DEMANDS**
ST. BARNABAS HOSPITAL,                                        **A TRIAL BY JURY**

                                Defendant.
------------------------------------------------------------------------X

JOCELYN RIVERA ("Plaintiff" or "Rivera"), by and through her attorneys, PHILLIPS &

ASSOCIATES, Attorneys at Law, PLLC, against Defendant ST. BARNABAS HOSPITAL,

("Defendant"), alleges upon knowledge as to herself and her own actions and upon information

and belief as to all other matters, as follows:

**NATURE OF THE CASE**

1.      This is a civil action based upon Defendants' violations of Plaintiff's rights guaranteed to

        her by: (i) the race and national origin discrimination provisions of **Title VII of the Civil**

        **Rights Act of 1964**,  as amended ("Title VII"); (ii) the race and national origin

        discrimination provisions of the **New York State Human Rights Law**, New York State

        Executive Law, §§ 292 and 296 *et seq.* ("NYSHRL"); (iii) the race and national origin

        discrimination provisions of the **New York City Human Rights Law**, New York City

        Administrative Code §8-107(1)(a), and (iv) any other claim(s) that may be inferred from

        the facts set forth herein.

2.      As set forth below, Plaintiff seeks damages to redress the injuries she has suffered as a

        result of being **discriminated against** by Defendants solely due to her **race** and **national**

        **origin** and for subjecting Plaintiff to a **hostile work environment**.

**JURISDICTION AND VENUE**

3.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 as this action arises under 42 U.S.C. § 2000(e) *et seq.*

4.      The Court has supplemental jurisdiction over all state and city law claims pursuant to 28 U.S.C. §1367.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

**PROCEDURAL PREREQUISITES**

6.      Plaintiff timely filed a Charge of Discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

7.      Plaintiff received a Notice of Right to Sue from the EEOC, dated February 27, 2023, with respect to the charges of discrimination described herein. A copy of the Notice is annexed hereto as Exhibit "A".

8.      Plaintiff commenced this action within ninety (90) days of receipt of the Notice of Right to Sue.

**PARTIES**

9.      At all relevant times herein, Rivera, a Hispanic woman of Puerto Rican national origin, was a resident of the State of New York.  As such, Rivera is a "person" and an "employee" entitled to protection by the relevant statutes referenced herein.

10.     At all relevant times herein, Defendant was a domestic not-for-profit organized under the laws of the State of New York with a principal place of business located in the State of New York.

11.     Defendant operates a 422-bed, not-for-profit community hospital that treats critically ill

and severely injured patients at 4422 Third Avenue, Bronx, New York 10457 (the "Principal Office").

12. At all relevant times herein, each of the Defendant employs in excess of fifteen (15) employees and Defendant is therefore an employer covered by the statutes referenced herein.

## MATERIAL FACTS

13. On or about January 24, 2022, Defendant hired Rivera as a Director in the Patient Financial Services department.

14. At all relevant times herein, including during the interview process with Defendant, Rivera was vocal she was of Puerto Rican origin and a Hispanic woman.

15. At all relevant times herein, Defendant promoted an anti-discrimination policy which prohibits discrimination on the basis of "race", "ethnic predisposition" and "national origin." *See* http://www.sbhny.org/anti-discrimination-statement.

16. At all relevant times herein, Rivera earned approximately one hundred and fifty thousand dollars ($150,000) per year for Defendant.

17. At all relevant times herein, Rivera's direct supervisor was Evelyn Flores-Delgado ("Delgado") – a Senior Director and member of senior leadership for Defendants.

18. Delgado, at all relevant times herein, possessed authority to effectuate personnel decisions on behalf of Defendant, including relating to Rivera's employment.

19. Delgado persisted a campaign of discriminatory conduct against employees of Defendant, including Rivera, solely on the basis of their Hispanic race and Puerto Rican national origin.

20. On her first day of work for Defendant, Rivera was chastised by Delgado after Rivera requested to speak with the Director of Patient Access for Defendants – Jasmine Rodriguez

3

("Rodriguez") – about work projects.

21. In response to her request, Delgado scolded Rivera, indicating, "No, no. Do not contact [Jasmine] because [Jasmine] only speaks to high level staff and does not speak with little people."

22. Additionally, on Rivera's very first day of work, and during subsequent days thereafter, Delgado routinely yelled and shouted at Rivera with the intention of intimidating, threatening, and discriminating against her on the basis of her national origin and race.

23. For example, on or about January 24, 2022, Rivera requested Delgado provide contact information for Defendant's employee named "Travis" so that Rivera could facilitate, for herself, parking access at the Principal Office.

24. In response, Delgado indicated that she would facilitate parking access for Rivera and screamed aloud, "if I said I was going to call [Travis], I am going to do it!"

25. The next day, on or about January 25, 2022, Delgado complained in Spanish about another employee, stating in Spanish that she was a "jodona."

26. "Jodona" in English implies that a person is annoying and is a derogatory term in Spanish.

27. Delgado purposefully complained of other Hispanic and Puerto Rican employees in Rivera's presence in an effort to intimidate, threaten and discriminate against Rivera.

28. On or about January 26, 2022, Delgado entered Rivera's office and began discussing problems with her seasonal allergies.

29. During that conversation, Rivera mentioned that her Puerto Rican grandmother used Vicks, ginger tea and apple cider vinegar to combat allergies and gain other health benefits.

30. Later in the conversation, Delgado exclaimed and admitted that she "did not like Puerto Ricans."

31. Defendants' staff, including but not limited to senior management, was aware at all relevant

times herein that Delgado was hostile towards and persisted discriminatory campaigns against Hispanic and Puerto Rican employees.

32.   Moreover, in the very same conversation in Rivera's office on or about January 26, 2022, Delgado mentioned, as she rolled her eyes, that her son's partner was "Puerto Rican but acted Dominican."

33.   The aforesaid statement(s) by Delgado unambiguously implied to Rivera that Delgado only liked her son's partner because his partner carries herself in a manner consistent with that of an individual of Dominican heritage although she is Puerto Rican.

34.   The aforesaid statement(s) by Delgado unambiguously demonstrated Delgado's discriminatory hostility toward Puerto Ricans and certain Hispanic individuals.

35.   Thereafter, during the same conversation with Plaintiff, Delgado stated "NIGGERS," referring to other individuals.

36.   Upon hearing Delgado refer to others as "NIGGERS" word and her other unconscionably discriminatory comments, Rivera was traumatized and shocked.

37.   That same day, on or about January 26, 2022, Rivera complained to Human Resources regarding Delgado's unconscionable and discriminatory conduct against her.

38.   Rona Hervias ("Hervias") – an Assistant Director in the Human Resources department for Defendant – was the only employee of Defendant that responded to Rivera regarding her complaint against Delgado.

39.   Hervias instructed that other members of the Human Resources department would reach out to Rivera and investigate Rivera's complaint.

40.   To date, Defendant's management and its Human Resources department have failed to correct the campaign of discriminatory conduct against her, led by Delgado.

41.   Due to the hostile work environment endorsed by Defendant, in addition to mental and

5

emotional trauma suffered as a result of discriminatory acts against her, Rivera currently does not feel safe returning to work for Defendant under Delgado's supervision.

42. As Defendant and its staff were at all relevant times of the hostile work environment led by Delgado against Hispanic and Puerto Rican employees of Defendant, Defendant condoned, ratified, and supported the discriminatory work environment to which Rivera was subjected.

43. Though Rivera was required to comply with the anti-discrimination policy promoted by Defendant as a condition of her employment, Delgado was not required by Defendant to comply with this policy and indeed materially violated this policy throughout the tenure of Rivera's employment with Defendant.

44. Defendant insulated Delgado from disciplinary action despite Delgado's history of discriminatory conduct against employees of Defendant including Rivera.

45. As a result of the Defendant's actions, Rivera was unlawfully treated, humiliated, degraded, victimized, embarrassed, and emotionally distressed.

46. As a result of the acts and conduct complained of herein, Rivera has suffered a loss of income, the loss of a salary/pay, special damages, loss of employment, loss of employment opportunities, loss to benefits and other compensation which such employment entails, and Rivera has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

47. As a result of the acts and conduct complained of herein, Rivera has suffered and will continue to suffer emotional pain, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Rivera has further experienced severe emotional and physical distress.

48. Defendant's conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.  As such, Rivera demands Punitive Damages as against Defendant.

6

**FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**

49. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. 42 U.S.C. § 2000e-2(a)(1), states in part:

> It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

51. As described herein, Defendant discriminated against Plaintiff on the basis of her race and national origin, in violation of Title VII, by subjecting her to disparate treatment and creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of Plaintiff based on her status as a Puerto Rican, Hispanic female.

52. As a result of the unlawful discriminatory conduct of Defendant in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

53. The unlawful discriminatory actions of Defendant constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

**SECOND CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER THE NYSHRL**

54. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with

the same force and effect as if more fully set forth herein.

55.    Executive Law § 296(1)(a) provides that:

> It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

56.    As described herein, Defendant discriminated against Plaintiff on the basis of her race and national origin in violation of NYSHRL, by subjecting her to disparate treatment and creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, harassment of Plaintiff based on Plaintiff's race and color.

57.    As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

58.    As a result of Defendant's unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

59.    Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

**THIRD CAUSE OF ACTION**
**<u>FOR DISCRIMINATION UNDER THE NYCHRL</u>**

60.  Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

61.  New York City Administrative Code §8-107(1) provides that it shall be an unlawful discriminatory practice:

> For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

62.  Defendant engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, a hostile work environment and otherwise discriminating against Plaintiff because of her race.

63.  Defendant's unlawful actions constitute malicious, willful, and wanton violations of the NYCHRL, for which Plaintiff is entitled to an award of punitive damages.

## JURY DEMAND

64.  Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A.  Declaring that Defendant engaged in unlawful employment practices prohibited by Title VII, the NYSHRL and the NYCHRL, in that Defendant discriminated against Plaintiff on the basis of her race and national origin (and because Plaintiff was Hispanic and of Puerto Rican descent);

B.  Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's

unlawful discrimination, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C.      Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injuries to her reputation in an amount to be proven;

D.      Awarding Plaintiff punitive damages;

E.      Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F.      Awarding pre-judgment and post-judgment interest, as provided by law; and

G.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.


Dated: Garden City, New York
       May 24, 2023

                                        **PHILLIPS & ASSOCIATES,**
                                        **ATTORNEYS AT LAW, PLLC**


                                         /s/ Joshua M. Friedman_____
                                        Joshua M. Friedman, Esq
                                        *Attorneys for Plaintiff*
                                        585 Stewart Avenue, Suite 410
                                        Garden City, New York 11530
                                        T: (516) 365-3731
                                        F: (212) 901-2107
                                        jfriedman@tpglaws.com

10